IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINGVISION PAY-PER-VIEW,<br><br>    Plaintiff,<br><br>  v.<br><br>SERGIO SANTANA GUZMAN, et al.,<br><br>    Defendants._____/ | No. C 09-00217 CRB<br><br>**ORDER GRANTING MOTION FOR DEFAULT** |

Now pending before the Court is plaintiff's motion for a default judgment. Defendants have not responded to the motion and have not otherwise communicated with the Court. After having carefully reviewed the papers submitted by plaintiff, the Court concludes that oral argument is unnecessary and GRANTS plaintiff's motion.

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff Kingvision Pay-Per-View, Ltd. ("Kingvision") is an international distributor of sports and entertainment programming. Kingvision regularly purchases the territorial rights to broadcast boxing matches and then grants limited public exhibition rights to various commercial entities such as hotels, casinos, bars, and restaurants. Defendants Sergio Santana Guzman and Besag, Inc. operate a business known as Santana Bar & Grill a/k/a Tacos Santana, in San Francisco, California (collectively, "defendants").

By contract, plaintiff paid for and was granted the exclusive nationwide satellite

television distribution rights to *"Bring On The Titans": Roy Jones, Jr. v. Felix Trinidad Light Heavyweight Flight Program* which occurred on January 19, 2008 ("the Program"). Plaintiff entered into sublicensing agreements with various commercial establishments throughout the United States, by which it granted the establishments the rights to publicly exhibit the Program. Defendants intentionally intercepted the Program and exhibited it at their business without entering into a sublicensing agreement with plaintiff.

## PROCEDURAL HISTORY

Plaintiff filed a complaint against defendants on January 16 2009. Plaintiff's complaint includes three claims for relief: (1) violation of the Federal Communications Act of 1934, 47 U.S.C. § 605, (2) violation of the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, and (3) state law conversion. Defendants were served with the complaint on February 12, 2009. They did not answer the complaint, and default was entered on March 13, 2009. Plaintiff subsequently filed a motion for default judgment. As of the date of this Order, defendants have not answered the complaint or responded to the motion for default judgment.

## DISCUSSION

### I. Personal and Subject Matter Jurisdiction

When a court is considering whether to enter a default judgment, it has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). Here, defendants are residents of California, so the Court may exercise personal jurisdiction. Moreover, the Court has subject matter jurisdiction because the plaintiff's claim arises under the Federal Communications Act of 1934, 47 U.S.C. § 605, and the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553.

//
//

**II. Liability and Damages**

Whether to grant a motion for default judgment is within the discretion of the trial court. See Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956). Generally, upon an entry of default, the factual allegations of the plaintiff's complaint will be taken as true, except those relating to the amount of damages. See Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977).

The Federal Communications Act, 47 U.S.C. § 605 et seq., prohibits commercial establishments from intercepting and broadcasting to its patrons satellite cable programming. See That's Entertainment, Inc. v. J.P.T., Inc., 843 F. Supp. 995, 998 (D. Md. 1993). The Act allows an aggrieved party to bring a civil action in federal district court and permits that party to elect an award of either statutory or actual damages. See 47 U.S.C. § 605(e)(3)(C)(i). The statute allows the court to award between $1,000 and $10,000 for each violation of section 605 as it considers just. See 47 U.S.C. § 605(e)(3)(C)(i)(II). The statute also allows the court to increase its award by not more than $100,000 when the violation has been "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605 (e)(3)(C)(ii).

The Federal Cable Communications Policy Act, amended by the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, prohibits the unauthorized reception or interception of communications offered over a cable system. Like section 605, section 553 creates a civil cause of action for an aggrieved party, and permits the plaintiff to choose between actual and statutory damages. See 47 U.S.C. § 553(c)(3)(A). The Court may award between $250 and $10,000 as it considers just. See 47 U.S.C. § 553(c)(3)(A)(ii). The statute also gives the Court discretion to increase the damages award by not more than $50,000 when the violation has been "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 553(c)(3)(B).

Kingvision's broadcast transmissions at issue in this case are communications

protected by sections 605. Plaintiff states that "certain" courts have held that section 553 also applies to satellite in addition to cable; however, even assuming that both statutes apply, the law is unclear whether courts should impose cumulative damages under the two sections. The Second Circuit addressed this question in International Cablevision v. Sykes, 997 F.2d 998 (2d Cir. 1993), aff'd, 75 F.3d 123 (1996). In Sykes, the court concluded that where liability exists under both sections 553 and 605, the district court should impose damages pursuant to section 605 instead of imposing the lesser damages available under section 553. See Sykes, 997 F.2d at 1009. While other courts have not universally followed the Second Circuit's reasoning, it is the most persuasive due to its extensive review of the legislative history. Therefore, the Court will not assess damages under section 553.

"In the absence of unusual or particularly egregious circumstances under which a defendant broadcast the fight," the Court will not award the statutory maximum in damages. Don King Prods. v. Maldonado, 1998 WL 879683 (N.D. Cal.) (citing Joe Hand Promotions v. Burgs Lounge, 955 F. Supp. 42, 44 (E.D. Pa. 1997)). Kingvision has made no showing here that the circumstances were either egregious or unusual, although it offers evidence that a default judgment has been entered against defendants by a different plaintiff for interception and publication of a different boxing match on December 8, 2007. The court in that case awarded $4,000 in statutory damages.

The Court finds in its discretion that an award of $6,000 in statutory damages is fair and reasonable in the circumstances of this case; it is more than was awarded in the first case. The Court will enhance the award by an additional $2,000 for intentional and willful conduct; the Court accepts the complaint's allegations of intentional conduct as true. Moreover, that the unlawful publication in this case was not an isolated incident suggests intentional conduct. A total award of $14,000 (for both cases) is a sufficient deterrent to future unlawful conduct.

## CONCLUSION

For the reasons stated above, plaintiff's motion for a default judgment is GRANTED in the total amount of $ 8,000. This amount consists of $6,000 in statutory damages on the

4

1  section 605 claim, plus enhanced damages of $2,000.  The section 503 claim is dismissed
2  with prejudice as duplicative and the state law claim for conversion is dismissed without
3  prejudice.
4        Plaintiff seeks an award of attorney's fees and costs, but does not offer any evidence
5  of such fees and costs; accordingly, they will not be incorporated into the judgment.
6        **IT IS SO ORDERED.**

8  Dated: May 27, 2009            CHARLES R. BREYER
                                                           UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California